Samuel M. Stricklin (State Bar No. 19397050)
Brian C. Mitchell (State Bar No. 24046452)
Bracewell and Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 468-3800
Facsimile: (214) 468-3888
Email: brian.mitchell@bgllp.com

Attorneys for Hillcrest Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **OAKRIDGE GOLF CLUB, L.P.** | § | |
| | § | |
| | § | |
| Debtor. | § | **CASE NO. 10-37258-HDH11** |

Preliminary Hearing Date: December 22, 2010
Preliminary Hearing Time: 1:30 p.m.

**UNOPPOSED MOTION OF HILLCREST BANK FOR**
**RELIEF FROM THE AUTOMATIC STAY**

**THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THIS MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**PURSUANT TO L.B.R. 4001.1(e), MOVANT SHALL BE REQUIRED TO SERVE EVIDENTIARY AFFIDAVITS IN SUPPORT OF THIS MOTION AT LEAST 7 DAYS IN ADVANCE OF THE PRELIMINARY HEARING. THE RESPONDING PARTY MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST 48 HOURS IN ADVANCE OF THE PRELIMINARY HEARING.**

Hillcrest Bank ("Hillcrest"), a secured creditor and party in interest in the above-styled bankruptcy case, hereby files its Unopposed Motion for Relief From the Automatic Stay (the "Motion") pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001, and in support thereof respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. On October 13, 2010, (the "Petition Date"), Oakridge Golf Club, L.P. (the "Debtor") filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor alleges that it continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. Prior to the Petition Date, on or about January 11, 2006, Hillcrest and Debtor entered into a Loan Agreement (the "Loan Agreement"), whereby Hillcrest agreed to loan Debtor the amount of $4,000,000.00.[1] The Loan Agreement was made in connection with Debtor's purchase of property, commonly referred to as Oakridge Golf Course, located at 2800 Diamond Oaks Drive, Garland, Texas 75044, which is more fully described in Exhibit A of the Promissory

---

[1] *See* Loan Agreement, a true and correct copy of which is attached hereto as Exhibit "A." The Loan Agreement was subsequently amended on March 1, 2008 via a First Loan Modification Agreement and Other Loan Documents (the "First Amendment to Loan Agreement"), on November 15, 2008 via a Second Loan Modification Agreement (the "Second Amendment to Loan Agreement"), on November 20, 2009 via a Third Loan Modification Agreement (the "Third Amendment to Loan Agreement"). *See* Exhibits "A-1" through "A-3," respectively, true and correct copies of which are attached hereto. The Loan Agreement and all subsequent amendments thereto shall be collectively referred to herein, unless otherwise indicated, as the "Loan Agreement."

Note and Deed of Trust (the "Property").[2]  Pursuant to the terms of the Loan Agreement, and contemporaneously therewith, Debtor executed a promissory note (the "Note") in favor of Hillcrest in the amount of $4,000,000.00.[3]  The Loan Agreement and Note were secured by a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (the "Deed of Trust"), which was filed in the County Records of Dallas County, Texas on January 13, 2006.

4. As a result of the aforementioned Deed of Trust, Hillcrest has properly perfected, first priority liens on the Property.[4]

5. Prior to the Petition Date, Debtor defaulted in the payment of the Note secured by the Deed of Trust.  As a result, the indebtedness evidenced by the Note was wholly due and payable.  Debtor failed to pay the amounts due under the Note, and Hillcrest noticed the Property for a non-judicial foreclosure sale to occur on November 2, 2010.  However, Debtor filed for Chapter 11 protection before the noticed sale could take place.

6. Since the filing of this action, Debtor has closed the golf course, so that Debtor is not receiving any proceeds or revenue from the Property.  Hillcrest is unaware of any viable purchasers currently engaging in discussions with the Debtor regarding the purchase or sale of the Property.  The Debtor has no prospects for an exit from this bankruptcy proceeding.

7. Despite the foregoing, Hillcrest and Debtor have reached an agreement regarding a modification of the Automatic Stay.  Debtor does not oppose this Motion requesting that the

---

[2] *See* the Promissory Note (the "Note"), which is attached as Exhibit "B" to this Motion, and the Deed of Trust, which is attached as Exhibit "C" to this Motion.

[3] The Note was subsequently amended on March 1, 2008 via an Amended and Restated Promissory Note (the "Amended Note").  *See* Amended Note, a true and correct copy of which is attached hereto as Exhibit "B-1." The Note and Amended Note shall be referred to collectively herein, unless otherwise indicated, as the "Note."

[4] Upon information and belief, Debtor, in direct contravention of the terms and conditions of the Loan Agreement and Note, obtained third-party financing for the payment of property taxes for the Property.  To the extent that those amounts remain unpaid, Hillcrest's liens may be subordinate to any liens created by such financing.

Automatic Stay be vacated to allow Hillcrest to post and conduct a non-judicial foreclosure sale of the Property in full satisfaction of Debtor's debt.

### RELIEF REQUESTED

8. Hillcrest respectfully requests that the Court enter an Order granting it relief from the automatic stay so that Hillcrest can conduct a non-judicial foreclosure sale on the Property pursuant to the Deed of Trust, and exercise its full rights and remedies resulting from Hillcrest's liens on the Property.

### AUTHORITIES IN SUPPORT OF RELIEF SOUGHT

9. Section 362(d)(1) of the Bankruptcy Code provides that relief may be granted by "terminating, annulling, modifying, or conditioning" the automatic stay for cause, including the lack of adequate protection. 11 U.S.C. § 362(d)(1). The stay may also be terminated with respect to property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Both grounds for relief from the automatic stay are met in this case.

10. Hillcrest is not adequately protected by virtue of Debtor's failure to operate the Property for its primary intended purpose—an operational golf course. Moreover, Debtor is currently receiving <u>no revenue</u> for the remaining operations and the golf course is not being adequately maintained, all to the detriment of the Property and Hillcrest's collateral. Therefore, cause exists for lifting the stay under 11 U.S.C. § 362(d)(1).

11. As noted above, the stay may also be terminated with respect to property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). A debtor has no equity in property for purposes of Section 362(d)(2) when the debts secured by the liens on the property exceed the value of the property itself. *See Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327 (5th Cir. 1990).

12. Debtor's Schedule A makes it clear that Debtor has no equity in the Property, as Debtor calculates the amount of secured claims to be in excess of the current value of the Property (current listed value of $1,730,000.00 versus listed amount of secured claim of $4,376,082.26).[5] Therefore, the value of the Property is significantly less than the value listed on Debtor's Schedule A. Having demonstrated that there is no equity in the Property, the burden is on the Debtors to prove that the Property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 576 (5th Cir. 1991).

13. The seminal case discussing the standard to be applied under § 362(d)(2)(B) is *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). According to the Supreme Court, to demonstrate that property is necessary for an effective reorganization, the debtor must show that "the property is essential for an effective reorganization that is in prospect." *Timbers,* 484 U.S. at 375-76. "This means that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *Timbers,* 484 U.S. at 376.

14. As set forth above, Debtor bears the burden of proving that the Property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 576 (5th Cir. 1991). Nevertheless, it is readily apparent that the Property is not necessary for an effective reorganization because there is no reasonable expectation of a reorganization in this case. Hillcrest has been in ongoing negotiations with the Debtor since long before the Petition Date, and the Debtor has been unable to present any viable plan of reorganization. Continuation of this case will only result in the incurrence of additional administrative expenses, which the Debtor currently has and will not have an ability to repay.

---

[5] *See* Schedule A [Docket No. 10].

Additionally, the condition of the Property continues to deteriorate while the golf course is closed and maintenance is deferred. Accordingly, the Court should grant Hillcrest relief from the automatic stay to exercise its available legal remedies with respect to the Property, including but not limited to a non-judicial foreclosure sale.

15. Debtor is unopposed to the relief sought herein, and the parties have submitted an Agreed Order for execution granting the requested relief.

## CONCLUSION

WHEREFORE, based on the foregoing, Hillcrest Bank respectfully requests this Court enter an order granting it relief from the automatic stay to pursue whatever remedies are available to it with respect to the Property, including but not limited to posting and conducting a non-judicial foreclosure sale of the Property. Hillcrest Bank also requests any such other and further relief, at law or in equity, to which it may be justly entitled.

DATE: November 29, 2010.

> Respectfully submitted,
>
> BRACEWELL & GIULIANI LLP
>
> By: */s/ Brian C. Mitchell*
>     Samuel M. Stricklin
>     State Bar No. 19397050
>     Brian C. Mitchell
>     State Bar No. 24046452
>
> 1445 Ross Avenue Suite 3800
> Dallas, TX 75202-2711
> Telephone: (214) 468-3800
> Facsimile: (214) 468-3888
> sam.stricklin@bgllp.com
> brian.mitchell@bgllp.com
>
> **ATTORNEYS FOR HILLCREST BANK**

**CERTIFICATE OF CONFERENCE**

Counsel for Hillcrest and counsel for the Debtor have conferred regarding the relief sought in this Motion, and the Debtor is not opposed to the requested relief.

*/s/ Brian C. Mitchell*
Brian C. Mitchell

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system, as well as the parties listed on the attached service matrix via U.S. mail, on the 29th day of November, 2010.

*/s/ Brian C. Mitchell*
Brian C. Mitchell