**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **OAKRIDGE GOLF CLUB, L.P.** | § | |
| | § | |
| | § | |
| **Debtor.** | § | **CASE NO. 10-37258-HDH11** |

**AGREED ORDER GRANTING HILLCREST BANK
RELIEF FROM THE AUTOMATIC STAY**

Hillcrest Bank ("Hillcrest"), a secured creditor, has filed an Unopposed Motion for Relief

from the Automatic Stay [Docket No. ___ ] (the "Motion"), seeking to lift the automatic stay so

that it may pursue statutory and contractual legal remedies with respect to certain real property

and improvements located in Garland, Dallas County, Texas, which are more specifically

described in Debtors' Schedule A and the documents filed in support of Hillcrest's proof of claim

in this matter and the Motion (the "Property").

Hillcrest and Oakridge Golf Club, L.P. ("Debtor") (Hillcrest and Debtor shall be

collectively referred to herein as the "Parties") have submitted this Agreed Order for entry by the

DALLAS\424302.1

Court, whereby the automatic stay shall be lifted so that Hillcrest is granted relief from the automatic stay to allow Hillcrest to pursue its statutory and contractual remedies with respect to the Property, including a non-judicial foreclosure sale of the Property in January 2011 (or any subsequent month) and any action(s) prior to such time as may become necessary to post the Property for a non-judicial foreclosure sale.   The Court, having considered the Motion, this Order, and based upon all of the pleadings filed with the Court and the announcement of an agreement between Debtor and Hillcrest, hereby:

**FINDS AND CONCLUDES AS FOLLOWS:[1]**

1.      On October 13, 2010, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2.      The Debtor alleges that it continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3.      Loan Documents.   Prior to the Petition Date, on or about January 11, 2006, Hillcrest and Debtor entered into a Loan Agreement (the "Loan Agreement"), whereby Hillcrest agreed to loan Debtor the amount of $4,000,000.00.[2]   The Loan Agreement was made in connection with Debtor's purchase of property, commonly referred to as Oakridge Golf Course, located at 2800 Diamond Oaks Drive, Garland, Texas 75044, which is more fully described in

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.

[2] The Loan Agreement was subsequently amended on March 1, 2008 via a First Loan Modification Agreement and Other Loan Documents (the "First Amendment to Loan Agreement"), on November 15, 2008 via a Second Loan Modification Agreement (the "Second Amendment to Loan Agreement"), on November 20, 2009 via a Third Loan Modification Agreement (the "Third Amendment to Loan Agreement").   The Loan Agreement and all subsequent amendments thereto shall be collectively referred to herein, unless otherwise indicated, as the "Loan Agreement."

Exhibit A of the Promissory Note and Deed of Trust (the "Property").  Pursuant to the terms of

the Loan Agreement and contemporaneously therewith, Debtor executed a promissory note (the

"Note") in favor of Hillcrest in the amount of $4,000,000.00.[3]  The Loan Agreement and Note

were secured by a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing

(the "Deed of Trust"), which was filed in the County Records of Dallas County, Texas on

January 13, 2006.  The Loan is secured by valid, enforceable and perfected security interests and

liens in and to the Property, and Debtor has no claims against Hillcrest or offsets relating to the

Loan Documents or the indebtedness under the Loan Documents.

4.      As of the Petition Date, and pursuant to the Loan Documents, Debtor was

indebted to Hillcrest in the approximate amount of $4,376,082.26 (the "Indebtedness").

5.      On or about January 11, 2006, Jeffrey M. Silverstein, individually and as co-

trustee of the Silverstein Living Trust, Helaine S. Silverstein, solely as a co-trustee of the

Silverstein Living Trust, and the Silverstein Living Trust (collectively, the "Guarantors")

executed a Guaranty Agreement (the "Guaranty Agreement") to and for the benefit of Hillcrest

Bank.[4]  Guarantors personally guaranteed due and punctual payment and performance of the

Debtor's obligations under the Note (the "Guaranty"), up to the limitation amount.

6.      Hillcrest and Debtor have reached an agreement regarding a modification of the

Automatic Stay and a release of the Guaranty (the "Oakridge Guaranty Release Agreement"), as

set forth herein.

---

[3] The Note was subsequently amended on March 1, 2008 via an Amended and Restated Promissory Note
(the "Amended Note").  The Note and Amended Note shall be referred to collectively herein, unless otherwise
indicated, as the "Note."

[4] The Guaranty Agreement was subsequently amended on March 1, 2008 via an Amended and Restated
Guaranty Agreement (the "Amended Guaranty Agreement").  The Guaranty Agreement and Amended Guaranty
Agreement shall be referred to collectively herein, unless otherwise indicated, as the "Guaranty Agreement."

-4-

**IT IS, THEREFORE, ORDERED THAT:**

(a)      As of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 is hereby vacated to allow Hillcrest to pursue any and all of its available legal remedies with respect to the Property, including but not limited to posting the Property for a foreclosure sale and conducting a foreclosure sale of the Property in January 2011 (or any subsequent month). Upon completion of a non-judicial foreclosure sale of the Property, Hillcrest shall be deemed to release Guarantors from any liability or obligations under the Guaranty, pursuant to the terms and conditions of the Oakridge Guaranty Release Agreement.

(b)      The fourteen (14) day stay required under Bankruptcy Rule 4001(a)(3) is hereby waived; and

(c)      This Court shall retain jurisdiction over any and all disputes arising from the entry of this Agreed Order and any other matters relating to this case.

###END OF ORDER###

-5-

**AGREED AND ENTRY REQUESTED:**


*/s/ Brian C. Mitchell*
Samuel M. Stricklin
Texas Bar No. 19397050
Brian C. Mitchell
Texas Bar No. 24046452
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
(214) 468-3800 Telephone
(214) 468-3888 Facsimile

**ATTORNEYS FOR HILLCREST BANK**


*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas Bar No. 21555700
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
(972) 503-4033 Telephone
(972) 503-4034 Facsimile

**ATTORNEYS FOR DEBTOR**